The Bastardy Act directs any two justices of the peace to cause any woman "within their county," who is big with child, to be brought before them in order to charge the father; and in the fourth section requires the person found to be the father "to give bond to indemnify the county, when such child shall be born," for the maintenance of the child. The argument for the defendant is that the case has not occurred in which the defendant is chargeable in Brunswick, because in point of fact the child was born in New Hanover. (354) It is true, the act literally does not cover the case, but in its just interpretation it does. The act prescribes certain police regulations, of which the great purpose is to ascertain the father of a bastard, and to relieve the county from its support, by charging the father with it. In most cases the county of the mother's residence will be that of the birth of the child, and therefore the language of the act is directed to the state of facts. But the scope of the act is to indemnify the public — whatever county may legally be chargeable with the maintenance of the child. That is the substance of the provision. Now, although the periods of the removal of the mother and the birth of the child are not here expressly stated, yet enough appears to show conclusively that Brunswick was chargeable; for the mother became pregnant there, and the child must have been born before the mother could have acquired a domicil or settlement in New Hanover, for which a year is requisite. Rev. St., ch. 89, secs. 16-17. The woman might, indeed, and ought to have been compelled to charge the defendant before she left Brunswick; and if she had, surely the law would not put it in her power, by going over the line to be delivered, to relieve her paramour from the charge of his issue, and throw it on the *Page 256 
county. It would be equally against the sense of the act to enable her to do so by absenting herself from the county, before she had borne the child, for the purpose of being delivered, and then returning with the child. For these reasons I think the judgment was founded upon the true construction of the statute, and ought to be affirmed.
PER CURIAM. Judgment affirmed.
Cited: S. v. Jenkins, 34 N.C. 122; S. v. Elam, 61 N.C. 463, 4.
(355)